■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DANIEL DOMINQUEZ, Respondent. — Appeal by the People from an order of the Supreme Court, Queens County (Leahy, J.), dated March 24, 1981, which, after a hearing, granted defendant's motion to suppress a weapon. Order reversed, on the law and the facts, and defendant's motion to suppress physical evidence is denied. On April 9, 1980 the police received an anonymous informant's tip. The anonymous caller stated that three Hispanic men, seated in a brown Pontiac, license plate number 257 MZP, at a certain location, were passing around guns. A computer check of the plate number revealed that number 257 MZP was registered to a gold Chevrolet. Arriving at the designated spot, the police observed the brown Pontiac and placed it under surveillance. One man was seated in the car when the police arrived. A few moments later, when the defendant and a friend entered the car, the police approached the car with their guns drawn. Defendant was ordered out of the car. As he exited, Officer D'Esposito noticed a bulge on defendant's left side, near his waistband. A pat down of the defendant revealed a weapon. All three men were arrested. Defendant was charged with criminal possession of a weapon and motor vehicle violations. Defendant moved to suppress the weapon. At the conclusion of a hearing on defendant's motion to suppress, Criminal Term granted the motion holding, *inter alia,* that information received by the police from the anonymous informant did not constitute probable cause to arrest the defendant. The People have appealed from the order entered upon this ruling. We reverse. Criminal Term erroneously applied the standard of probable cause to evaluate the conduct of the police in the case at bar. Probable cause is not a necessary predicate for all contact between police and the citizenry in the

course of a criminal investigation *(United States v Mendenhall,* 446 US 544; *Dunaway v New York,* 442 US 200; *People v Chestnut,* 51 NY2d 14; *People v Finlayson,* 76 AD2d 670). It is well settled that a police officer may stop an individual when he has reasonable suspicion to believe that a crime is being committed *(Terry v Ohio,* 392 US 1). Reasonable suspicion has been defined as the quantum of knowledge sufficient to induce an ordinarily prudent and cautious man, under the circumstances, to believe criminal activity is afoot *(Terry v Ohio, supra,* p 22; *People v Cantor,* 36 NY2d 106, 112-113; *People v Finlayson, supra,* p 676). The information supplied by the informant, coupled with the computer readout indicating that the license plates were registered to a gold Chevrolet and not a brown Pontiac, gave the police sufficient grounds to form a reasonable suspicion regarding defendant's activity (see *Terry v Ohio, supra; People v Ingle,* 36 NY2d 413). The police, therefore, had the right to approach the defendant with guns drawn (see *People v Brnja,* 50 NY2d 366; *People v Boyd,* 78 AD2d 225; *People v Bruce,* 78 AD2d 169; *People v Finlayson, supra).* Similarly, Officer D'Esposito's order to the defendant to get out of the car and the subsequent frisk were reasonable conduct under the circumstances (see *Pennsylvania v Mimms,* 434 US 106, 110; *People v De Bour,* 40 NY2d 210, 221; *People v Boyd, supra,* p 220). Accordingly, the weapon was retrieved pursuant to a lawful stop and frisk, and should not have been suppressed (see *People v McLaurin,* 43 NY2d 902, revg 56 AD2d 80 on dissenting opn of Nunez, J.; *People v Finlayson, supra).* Hopkins, J. P., Damiani, Titone and Rabin, JJ., concur.